IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEORGE A. F. W.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:20-cv-00141-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff George A. F. W.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits. The Court will reverse and remand the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II.  BACKGROUND

A.     PROCEDURAL HISTORY

In December 2017, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on December 18, 2017.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on March 3, 2020.[10] The ALJ issued a decision on March 16, 2020, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on September 29, 2020,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

On December 23, 2020, Plaintiff filed her complaint in this case.[14] On January 11, 2021, both parties consented to a United States Magistrate Judge conducting all proceedings in the

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 143–51.

[9] *Id.* at 46, 57.

[10] *Id.* at 31–45.

[11] *Id.* at 13–30.

[12] *Id.* at 5–10.

[13] 20 C.F.R. § 422.210(a).

[14] Docket No. 3.

2

case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15]  The Commissioner filed an answer and the administrative record on August 5, 2021.[16]

Plaintiff filed her Opening Brief on January 4, 2022.[17]  The Commissioner's Answer Brief was filed on April 6, 2022.[18]  Plaintiff filed her Reply Brief on April 25, 2022.[19]

B.     MEDICAL HISTORY

In seeking disability insurance benefits, Plaintiff stated that she gets disabling migraines.[20]  She reported associated nausea and cold sweats.[21]  She also reported photosensitivity[22] and worsening migraine symptoms when using screens.[23]  She has been prescribed amitriptyline, which helps somewhat.[24]  Plaintiff has also been diagnosed with osteopenia,[25] connective tissue disorder,[26] and anxiety, depression, and an unspecified personality disorder.[27]

---

[15] Docket No. 11.
[16] Docket Nos. 19, 20.
[17] Docket No. 23.
[18] Docket No. 29.
[19] Docket No. 30.
[20] R. at 185.
[21] *Id.* at 203, 222, 273.
[22] *Id.* at 339.
[23] *Id.* at 222, 273, 283.
[24] *Id.* at 273.
[25] *Id.* at 323.
[26] *Id.* at 278.
[27] *Id.* at 268.

C. HEARING TESTIMONY

Before the ALJ, Plaintiff testified that she has a long history of working in technical support.[28] Plaintiff stated that she gets migraines four to seven times a month.[29] Her migraines are accompanied by nausea and profuse sweating.[30]

D. THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of December 18, 2017.[31] At step two, the ALJ found that Plaintiff's migraine headaches were a severe impairment.[32] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[33] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work, with certain restrictions.[34] At step four, the ALJ determined that Plaintiff could perform her past relevant work.[35] The ALJ further found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[36]

---

[28] *Id.* at 37.
[29] *Id.* at 41.
[30] *Id.* at 40–41.
[31] *Id.* at 18.
[32] *Id.* at 18–20.
[33] *Id.* at 20.
[34] *Id.* at 20–24.
[35] *Id.* at 24.
[36] *Id.* at 24–26.

III.  DISCUSSION

Plaintiff argues that the ALJ erred in his RFC assessment and his treatment of the medical opinion evidence.  The Court agrees that the ALJ committed reversible error in failing to discuss and articulate the persuasiveness of the opinion of Plaintiff's treating physician, Pragati Hooda, M.D.  In a form provided to Plaintiff's former employer, Dr. Hooda recommended that starting March 10, 2017, Plaintiff's work schedule be reduced to six hours per day because of her headaches.[37]  Dr. Hooda noted that Plaintiff's symptoms worsen after working on a computer and phone.  Dr. Hooda opined that Plaintiff would require this accommodation until March 9, 2018.  The ALJ failed to discuss or evaluate Dr. Hooda's opinion.

"It is the ALJ's duty to give consideration to all the medical opinions in the record."[38]  The ALJ is required to articulate "how persuasive [they] find all of the medical opinions . . . in [the] case record" using the factors set out in the regulations.[39]  Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[40]  "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[41]

---

[37] *Id.* at 281–83.

[38] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir.2012) (citations omitted).

[39] 20 C.F.R. § 404.1520c(b).

[40] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[41] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

5

"[A]n ALJ's failure to [discuss] a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."[42] If the ALJ's RFC is "generally consistent" with the findings in a medical opinion, or if the RFC is "more favorable" to the claimant than the opinion's findings, then "[t]here is no reason to believe that a further analysis or weighing of [the] opinion could advance [the claimant's] claim of disability."[43]

Here, the ALJ's RFC is not generally consistent with or more favorable than Dr. Hooda's opinion. Dr. Hooda's opinion would preclude a finding of full-time work. As such, the ALJ's failure to consider this opinion cannot be deemed harmless. The Commissioner argues that the ALJ was not required to consider Dr. Hooda's opinion because it did not meet the durational requirement during the relevant period.[44] Specifically, the Commissioner points out that the alleged onset date is December 18, 2017, and Dr. Hooda's opinion was limited to March 2018, covering only three months of the relevant period. However, there is ample evidence in the record upon which a factfinder could conclude that Plaintiff's migraines met the 12-month durational requirement. Further, Dr. Hooda opined that Plaintiff would need accommodations for at least a year. In the court's view, the fact that part of Dr. Hooda's opinion touches on a time prior to the relevant period does not permit the ALJ to disregard it.[45]

---

[42] *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014) (citation omitted).

[43] *Keyes-Zachary*, 695 F.3d at 1163.

[44] 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.").

[45] *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (stating that "even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier . . . periods, the doctor's observations are nevertheless relevant to the claimant's medical history

The Commissioner also argues that it is likely that the ALJ would find Dr. Hooda's opinion unpersuasive for substantially the same reasons provided for finding the opinion of consultative examiner, William Wagner, M.D., unpersuasive.[46] The ALJ found Dr. Wagner's opinion unpersuasive because it was rendered prior to the alleged onset date and did not address Plaintiff's functional limitations during the relevant period.[47] While there may be legitimate reasons for the ALJ to find Dr. Hooda's opinion unpersuasive, the ALJ must make this assessment in the first instance in order to allow for review.[48] Further, given the differences between Dr. Hooda's and Dr. Wagner's opinions, this is not a situation where the Court can tell whether the ALJ's treatment of Dr. Wagner's opinion would similarly render Dr. Hooda's opinion unpersuasive.[49] While both opinions were rendered before the relevant period, unlike Dr. Wagner's opinion, Dr. Hooda's opinion addressed Plaintiff's functional limitations during the relevant period. In short, the ALJ erred in failing to discuss Dr. Hooda's opinions, which

---

and should be considered by the ALJ"); *see also Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

[46] R. at 23.

[47] *Id.*

[48] *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (explaining that "we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion").

[49] *See Lately v. Colvin*, 560 F. App'x 751, 754 (10th Cir. 2014) (holding that any error in failing to discuss a medical opinion was harmless "because we can tell from the ALJ's rejection of Dr. Magnuson's nearly identical opinion that the ALJ gave no weight to Dr. Rojas's opinion").

would have precluded a finding of full-time work, necessitating remand. Because this case must be remanded, the Court need not discuss Plaintiff's remaining arguments.[50]

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 3rd day of May, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[50] *Watkins*, 350 F.3d at 1299 (stating that the court "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand").